FILED

2008 Jul-02  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BRENDA PRICE,

      Plaintiff,

v.                           CV-07-J-1530-S

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION

Pending before the court is the plaintiff's appeal of the final decision of the

Commissioner of Social Security denying the plaintiff disability benefits.

On January 4, 2003, the plaintiff filed an application for Social Security disability

benefits (R. 40).  The state agency denied the plaintiff's application and the

plaintiff requested a hearing before an administrative law judge ("ALJ") which

was held on November 20, 2003 (R. 30, 478-501).  The ALJ denied the plaintiff's

claim for disability benefits finding that although the plaintiff had the severe

impairments of generalized anxiety disorder, neurotic depression, and dysthymic

disorder, she was capable of performing a significant number of jobs (R. 19-20).

The ALJ's decision became the final decision of the Commissioner when the

Appeals Council declined to grant review of the ALJ's decision on June 22, 2007

(R. 3-6).  The plaintiff filed this action for judicial review pursuant to 42 U.S.C. §

405(g).

Having considered all of the parties' submissions, for the following reasons

the Commissioner's decision is due to be affirmed.

## Factual Background

At the time of the hearing, the plaintiff was forty-seven years old (R. 481).

She is a high school graduate and served in the Army from 1976 to 1979 (R. 481).

The plaintiff testified that at the time of the hearing she was enrolled as a full time

student at Lawson State (R. 484).  When asked how she was doing in her classes,

the plaintiff testified that she was failing some of her classes and believed she was

only doing well in one of the classes[1] (R. 488).

The plaintiff last worked as an office assistant at a veterinary clinic in 2002

(R. 49, 486).  She testified that she quit that job because she could not get along

with the veterinarian (R. 486-87).  Before working at the veterinary clinic, the

---

[1]The court notes that the plaintiff has not submitted records from Lawson State to substantiate her testimony that she was failing all but one of her classes.  In addition to her course work at Lawson State, the plaintiff also briefly attended Troy University and Jefferson State Community College (R. 485).  The plaintiff testified that she dropped out of both schools because they were too hard (R. 485).  The plaintiff's grades from Troy and Jeff State, however, indicate that she was passing all of her classes (R. 106 & 109).  For example, after two semesters at Jeff State the plaintiff had a 3.00 GPA (R. 106).  Similarly, at Troy the plaintiff had a 2.00 GPA after one semester (R. 109).

plaintiff worked for the State of Alabama installing telephone lines (R. 487).  The plaintiff voluntarily resigned from that job because she was unable to obtain additional time off to adopt a family of children from Texas (R. 487).  Prior to working for the State of Alabama, the plaintiff worked for Youth Service Aid and as a data entry clerk for a tax service business (R. 488).

The plaintiff claims she is disabled primarily because of mental impairments - specifically depression and anxiety (R. 479-80).  Much of the plaintiff's impairments are a result of a hysterectomy that was performed on the plaintiff by the Army without the plaintiff's consent (R. 493-94).  The plaintiff testified that she was having complications during her menstrual cycle and the Army suggested that she undergo exploratory surgery to determine what was wrong (R. 493).  According to the plaintiff, when she awoke from surgery the Army doctors informed her that they had performed a hysterectomy (R. 494).

A consultative examination of the plaintiff was performed by Dr. Glenn King on April 29, 2003 (R. 231).  Dr. King states in his report that the plaintiff was oriented as to person, place and time; the plaintiff appeared tired; and the plaintiff suffered crying spells every day which were precipitated by stress from not being able to have children (R. 233).  Dr. King diagnosed the plaintiff with major depression, single episode, mild, and provided the following

3

recommendation:

> [t]his patient has some depression but she does no appear
> to have a real constriction of interest or inability to profit
> from normal life experiences.  She worked up until last
> November and quit of her own accord.  She subsequently
> enrolled in school and has been attending for this last
> semester, taking six hours.  In addition, she is attempting
> currently to sell her house and is working at keeping it
> clean and making it presentable.  There is no reason why
> she shouldn't be able to do tasks that are simple to
> mildly varied in nature with repetition and supervision if
> she chooses to do so, despite her depression.

(R. 233).

At the hearing, the plaintiff's attorney requested the opportunity to have the plaintiff examined by a psychologist for additional documentation of the plaintiff's mental impairments (R. 480, 499).  The ALJ agreed to allow the plaintiff to undergo additional psychological testing and stated that he would consider the results of the additional testing before rendering a decision (R. 499-500).  At the hearing the ALJ also took testimony from a vocational expert who testified that a person with the plaintiff's impairments could not return to the plaintiff's past relevant work, but that there were other jobs that such a person could perform (R. 498).

Following the hearing a psychological evaluation of the plaintiff was performed by Dr. Gerald Anderson on January 9, 2006 (R. 443).  Dr. Anderson,

who compiled a detailed report of his findings, diagnosed the plaintiff with

Bipolar 2 Affective Disorder, mixed; Rule out Schizoaffective Disorder;

Generalized Anxiety Disorder; Panic Disorder with Agoraphobia; Social Phobia;

Post-Traumatic Stress Disorder, chronic; Rule out Obsessive-Compulsive Disorder

(R. 451). Dr. Anderson's prognosis for the plaintiff was guarded "for a favorable

response to treatment within the next six to twelve months due to her history of

being noncompliant or avoidant of psychiatric and psychological treatments in the

past, and the need to further clarify her diagnosis" (R. 451).

On February 21, 2006, the ALJ denied the plaintiff's claim for disability

benefits finding that the plaintiff had the severe impairments of generalized

anxiety disorder, neurotic depression, and dysthymic disorder (R. 19-20). The

ALJ found that the plaintiff retained the residual functional capacity to perform

work related activities at all levels of physical exertion with moderate

nonexertional limitations (R. 20). The ALJ concluded that the plaintiff was unable

to perform her past relevant work, but that she was capable of performing a

significant number of jobs in the national and local economy (R. 20). Although

Dr. Anderson's report was submitted before the ALJ released his opinion, there is

no indication in the ALJ's decision that he considered Dr. Anderson's report.

On March 28, 2006, the VA submitted its employability decision on the

plaintiff (R. 454).  The Veterans Administration found that the plaintiff's

generalized anxiety disorder with depression was 30 percent disabling and the

plaintiff's total abdominal hysterectomy and bilateral salpingo-oophorectomy was

50 percent disabling (R. 455).  The Veterans Administration denied the plaintiff's

claim for disability finding that the hysterectomy was not a cause for the plaintiff

to be unemployed (R. 457).  The Veterans Administration found that the plaintiff's

mental condition was not severe enough to make her disabled and concluding that

she was "capable of gainful employment" (R. 457).

### Standard of Review

This court's review of the factual findings in disability cases is limited to

determining whether the record contains substantial evidence to support the ALJ's

findings and whether the  correct legal standards were applied.  42 U.S.C. §

405(g); *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996); *Martin v. Sullivan*,

894 F.2d 1520, 1529 (11th Cir. 1990).  "Substantial evidence" is generally defined

as "such relevant evidence as a reasonable mind would accept as adequate to

support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84

F.3d 1397, 1400 (11th Cir. 1996); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

(11th Cir. 1983).

In determining whether substantial evidence exists, this court must scrutinize the record in its entirety, taking into account evidence both favorable and unfavorable to the Commissioner's decision. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988); *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). Even if the court finds that the evidence weighs against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984); *Martin*, 894 F.2d at 1529.

This court may not decide facts anew, reweigh evidence or substitute its judgment for that of the ALJ, even if the court finds that the weight of the evidence is against the Commissioner's decision. *Martin*, 894 F.2d at 1529. This court must affirm the decision of the ALJ if it is supported by substantial evidence. *Miles*, 84 F.3d at 1400; *Bloodsworth*, 703 F.2d at 1239. However, no such presumption of correctness applies to the Commissioner's conclusions of law, including the determination of the proper standard to be applied in reviewing claims. *Brown v. Sullivan*, 921 F. 2d 1233, 1235 (11th Cir. 1991); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Furthermore, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been

conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

## Discussion

The lone issue presented by the plaintiff on appeal is whether this case should be reversed, or in the alternative, remanded in light of Dr. Anderson's report. From the ALJ's opinion it is unclear whether he considered Dr. Anderson's report and, if he did, what weight he gave the report. Because the report is not discussed in the decision, the court will assume that the ALJ did not consider the report. Therefore, the court will proceed as though Dr. Anderson's report was presented for the first time to the Appeals Council ("AC"). When a claimant submits new evidence to the AC, the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram v. Commissioner*, 496 F.3d 1253, 1262 (11th Cir. 2007).

The plaintiff argues that this case should be reversed or remanded because Dr. Anderson's detailed report renders the ALJ's decision erroneous. The weight afforded a physician's conclusions regarding a claimant depends upon the examining relationship, the treatment relationship, the physician's specialization, the extent to which those conclusions are supported by clinical or laboratory findings and the extent to which they are consistent with the record. 20 C.F.R. §

404.1527(d).

Dr. Anderson's report is entitled to little weight because it is not consistent with any of the other medical evidence of record.  Dr. Anderson found that the plaintiff had marked to extreme limitations in all areas of mental functioning (R. 452-53).  However, the extensive records from the plaintiff's treating psychologists at the Veterans Administration indicate that the plaintiff's mental impairments are no more than mild with medication and no more than moderate without medications (*See, e.g.*, R. 133-41).  Generally, a treating source's opinion is given more weight since the treating source is more likely to be able to provide a detailed, longitudinal picture of a claimant's medical impairments.  20 C.F.R. § 404.1527(d)(2).  The "testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004).

Dr. Anderson's opinion is also contrary to the two other medical source opinions in the record – the Veterans Administration's disability decision and Dr. King's consultative report.  Like Dr. Anderson's report, the Veterans Administration decision was submitted for the first time to the AC (R. 454).  The Veterans Administration gave the plaintiff a thirty percent disability rating for her generalized anxiety disorder with depression, but denied her request for

unemployability, finding that she was capable of gainful employment (R. 455-57). The Veterans Administration's decision is entirely consistent with the opinions of the plaintiff's treating physicians and with Dr. King's report.  The United States Court of Appeals for the Eleventh Circuit has held that although disability findings by another agency are not binding on the Commissioner, they are entitled to great weight. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983).

Dr. Anderson's opinion is also not consistent with the Dr. King's report. Dr. King's findings that the plaintiff could perform tasks that are simple to mildly varied in nature with repetition and supervision stand in stark contrast to Dr. Anderson's findings that the plaintiff had marked and extreme mental limitations. Since both Dr. King and Dr. Anderson only examined the plaintiff once, neither opinion is entitled to more weight.  20 C.F.R. § 404.1527(d)(2)(i).  Even if Dr. King's opinion is given little weight because it conflicts with Dr. Anderson's opinion, there is still substantial evidence in the form of the records of the plaintiff's treating physicians at the Veterans Administration as well as the Veterans Administration's disability report that support the ALJ's decision.  Thus, the Commissioner's decision is due to be affirmed.

## Conclusion

The court has considered the record and briefs of the parties.  For the

reasons set forth herein, the decision of the Commissioner is due to be

**AFFIRMED**.

      **DONE** and **ORDERED** this the 2nd day of July, 2008.

                                                _____
                                                INGE PRYTZ JOHNSON
                                                U.S. DISTRICT JUDGE